UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                    Case No. 8:13-bk-01572-MGW
                                                                                           Chapter 7
Bruce Alexander McKinnon,

      Debtor.
_____/

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO COMPEL ABANDONMENT**

Bankruptcy Code § 522(g) provides that a debtor may exempt property that the trustee recovers under § 550 (to the extent the debtor could have exempted the property under § 522(b) had it not been transferred) provided (i) the debtor's prepetition transfer of the property was not voluntary; and (ii) the debtor did not conceal the property. Here, the Debtor transferred a car to his daughter prepetition. There is no question that the Debtor did not conceal the property (he disclosed it on his Statement of Financial Affairs). But there likewise is no question the transfer was voluntary. Accordingly, the Debtor cannot use § 522(g) to exempt the car if the chapter 7 trustee recovers the car as a fraudulent transfer under § 550.

**Background**

The Debtor filed for bankruptcy in February 2013. About four months before filing for bankruptcy, the Debtor transferred his 2001 Mercedes to his daughter in exchange for her caring for him and allowing him to live with her after he underwent medical treatment. The Debtor disclosed the car, which had 140,000 miles and some collision damage, on his schedule B. He also disclosed the fact that he transferred the car to his daughter on his Statement of Financial Affairs.

The Trustee obtained an appraisal of the car reflecting that it was worth $4,700. That amount apparently took into account $2,600 worth of repairs the Debtor made to the car. The car apparently was only worth $3,000-$3,500 before the repairs. After obtaining the appraisal, the Trustee sued to recover the car on the basis that the transfer to the Debtor's daughter was avoidable as either a preferential or fraudulent transfer and recoverable under § 550.

In response, the Debtor amended his schedule C to apply unclaimed exemptions totaling $4,624 to the car. That leaves $76 in non-exempt equity in the car. According to the Debtor, the Chapter 7 Trustee's handbook says that "property should be abandoned when the total amount realized would not result in a meaningful distribution to creditors or would primarily rebound to the benefit of the trustee and professionals." Since, at least according to the Debtor, there is only $76 in equity in the car, the Debtor has asked the Court to order the Trustee to abandon it.[1]

The Trustee does not appear to dispute the general proposition that she should abandon property that is of inconsequential value or will not yield a meaningful distribution to the creditors. Instead, she claims that the car is not of inconsequential value. She says the Debtor fails to point to any authority for the proposition that he can exempt property that was voluntarily transferred prepetition. Unless the Debtor is entitled to exempt property transferred prepetition, the Court has no choice but to deny the Debtor's request.

According to the Debtor, that authority is contained in § 522(g). That section allows the Debtor to exempt property that the trustee recovers under § 550 (among other sections) to the extent that he could have exempted such property under § 522(b) had it not been transferred prepetition:

---

[1] Doc. No. 30 ("Motion").

> [T]he debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
>
> (1)(A)  such transfer was not a voluntary transfer of such property by the debtor; and
>     (B)  the debtor did not conceal such property . . . .[2]

The Trustee and the Debtor have completely different interpretations of that section. According to the Trustee, the Debtor cannot use § 550(g) to exempt property that is recovered as an avoidable transfer unless he shows both of the circumstances set forth in subparagraphs (1)(A) and (B)—namely, that the transfer was not voluntary and that the Debtor did not conceal it. Under the Trustee's interpretation, § 550(g) is not available to the Debtor if the avoidable transfer was a voluntary transfer *or* if the debtor concealed the property. The Debtor contends, however, that use of the conjunctive "and" requires a reading that § 522(g) is only *unavailable* to the Debtor if the transfer was voluntary *and* the debtor concealed such property. Since the Debtor fully disclosed the transfer to his daughter, he contends § 522(g) is available to him. The issue before the Court, then, is whether § 522(g) is unavailable only if both limitations are present, as argued by the Debtor; or whether the subsection is unavailable if either of the limitations is present, as argued by the Trustee.

## Conclusions of Law

The Court concludes that the plain language of § 522(g) supports the Trustee's position. By its terms, § 522(g) requires that the Debtor demonstrate that the transfer of his car to his daughter "was not a voluntary transfer of such property by the debtor; *and* the debtor did not conceal such property." Use of the conjunction "and," given its plain meaning, means "added to"

---

[2] 11 U.S.C. § 522(g)(1).

or "in addition to."[3] So both of these conditions must be present. If either the transfer was a voluntary transfer or if the transfer was not disclosed, then § 522(g) is unavailable to the Debtor.

While there is little case law interpreting this subsection, the case law that does exist supports this interpretation. For example, in *In re Corwin,* Judge Robert A. Mark concluded that a debtor has standing to avoid a transfer of property "if the property (1) is exempt, (2) is not concealed by the debtor, and (3) was not voluntarily transferred by the debtor."[4] And in *dicta*, the Eleventh Circuit, in *Deel Rent-A-Car Inc. v. Levine*, stated: "The debtor is permitted to [use section 522(g)] if he had neither voluntarily transferred the assets out of the estate nor concealed them."[5] Various bankruptcy treatises likewise support this interpretation.[6]

## Conclusion

Here, the Debtor had either preferentially or fraudulently transferred his automobile to his daughter. The Trustee has brought an action to avoid the transfer. The Debtor seeks to use § 522(g) to exempt the property that is the subject of the avoidance action. But because the transfer to the daughter was voluntary, the Court concludes that § 522(g) is unavailable. Accordingly, it is

---

[3] Black's Law Dictionary 86 (6th ed. 1990); *see also* http://www.thefreedictionary.com.

[4] *In re Corwin,* 135 B.R. 922 (Bankr. S.D. Fla. 1992) (citing *In re Echoles*, 21 B.R. 280, 281 (Bankr. D. Ariz.1982)); *see also In re Reaves*, 8 B.R. 177 (Bankr. D.S.D. 1981).

[5] 721 F. 2d 750 (11th Cir. 1983).

[6] 4 Collier on Bankruptcy ¶¶ 522.12 & 522.12[2][b]; Hon. William L. Norton, Jr. & William L. Norton, III, *Norton Bankruptcy Law & Practice* § 56:30 (3d ed. 2012) Hon. Nancy C. Dreher, Hon. Joan N. Feeney & Michael J. Stephan, Esq., *West Bankruptcy Law Manual*, § 5:41, at 1032 (5th ed. 2013) (explaining that the Code "gives the debtor the benefits of applicable exemptions to property recovered pursuant to trustee's avoiding powers with respect to property that was *involuntarily* seized from the debtor and the property was not concealed by the debtor" and that "[t]ransfers which the debtor made voluntarily or concealed cannot be exempted" under § 522(g)) (emphasis in original).

**ORDERED** that the Motion is DENIED.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on _____August 27, 2013_____

_____
Michael G. Williamson
United States Bankruptcy Judge

**Herbert R. Donica, Esq.**
**Donica Law Firm, P.A.**
*Counsel for Trustee*

**Tonya Willis Pitts, Esq.**
**McIntyre Panzarella Thanasides**
 **Bringgold & Todd, P.A.**
*Counsel for Debtor*

Service Instructions: Herbert R. Donica is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.